UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID B. BASSEN                     )        Chapter 12
                                    )
        Debtor in Possession.       )        Case No.13-30241

AMENDED CHAPTER 12 PLAN OF REORGANIZATION
(11 U.S.C. §1201 et seq.)

## 1.00  INTRODUCTION.

1.    On February 19, 2013 ("date of filing")David B. Bassen

("Debtor"),filed his voluntary petition for organization under Chapter 12

of the United States Bankruptcy Code (11 U.S.C. §§1201 et seq.).

2.    This plan of reorganization is the debtor's proposal to pay the

debts owed on the date the petition was filed.

3.    The following schedules are attached to this plan and are an

integral part hereof:

        Schedule 1:     Plan Summary

        Schedule 2:     Farm Cash Flow (Projected)

        Schedule 3:     Liquidation Analysis

        Schedule 4:     Nature of Debtor's Business

4.    The debtor submits all or such portion of his future earnings or

other future income to the supervision and control of the trustee as is

necessary for the execution of the plan.  11 U.S.C. §1222(a)(1).

5.    The plan need not receive creditor approval (11 U.S. §1225), but

the court must find that the plan has been proposed in good faith and that

1

the plan complies with the other requirements of §1225.  If this plan is not accepted and approved, then the court may --

    a.    Dismiss the case; or

    b.    Allow the debtors to propose another plan.

6.  As the debtor is a farmer, the case cannot be converted to liquidation under Chapter 7, except for fraud in connection with the case. 11 U.S.C. §1208(d).

7.  The debtor believes that the plan will produce more for creditors than they would receive if the case was liquidated under Chapter 7 (straight bankruptcy).

### 2.00  DEFINITIONS.

1.  Definitions:

    a.    The singular tense includes the plural; the masculine gender includes the feminine and the neuter.

    b.    "Creditors" mean all creditors of the debtors holding claims for secured or unsecured debts, liabilities, demands or claims of any character whatsoever.

    c.    "Secured creditors" mean all creditors who hold a lien, security interest, or other encumbrance which has been properly perfected as required by law with respect to property owned by debtors.

    d.    "Plan" means this plan of reorganization in its present form or as it may be amended or supplemented.

    e.    "Court" means the United States Bankruptcy Court for the Southern District of Illinois.

    f.    "Claim" means a duly-scheduled or timely-filed claim which

is allowed and ordered paid by the court.

g.   "Deed in lieu of foreclosure" means a conveyance by the debtors of real estate to a creditor by quit-claim deed in full settlement of the obligation, without deficiency.  Any junior creditor has the option to purchase the real estate by paying to the senior creditor the full amount of the senior obligation, or by assuming the senior obligation.  If no junior creditor assumes or pays the senior obligation, then all such junior creditors are deemed, as to the tract conveyed, to be unsecured, and each such junior creditor shall promptly release his lien or encumbrance.

h.   "Effective date" means that date on which an order confirming the plan becomes final and nonappealable.

i.   "Pre-petition debts" are debts which were incurred prior to the date of filing.

j.   "Post-petition debts" are debts which were incurred on and after the date of filing.

k.   "Trustee" means the Chapter 12 trustee appointed pursuant to 11 U.S.C. §1202.

l.   "Manner of payment - by trustee" means payments by the debtors or others to the Chapter 12 trustee who, in turn, shall disburse them pursuant to the plan.  Payments by the trustee are subject to trustee's fees.  Payments made by the trustee are sometimes referred to as "payments inside the plan".

3.00  CLASSIFICATION OF CLAIMS.

1.   All claims shall be fixed and determined as of the date of filing.

2.   Secured claims as finally allowed and ordered paid by the court, shall be treated as secured only to the extent that such claims are not greater than the value of the debtor's assets which the court finds are

3

valid security for such claims.    See 11 U.S.C. §506 and Bankruptcy Rule 3012.

3.    Claims are classified as follows:

### "SP" Class Claims

Class SP1:  Super Priority. Super Priority lien has been granted to Farm Growth Cap for the planting and harvesting of the 2013 crop. The amount of the allowed indebtedness is One Million Two Hundred Thousand Dollars ($1,200,000.00).

### "P" Class Claims

Class P1:  Priority.  Costs and expenses of administration as defined by §§507(a)(1) and 503(b). Includes post-petition expenses of production. Unimpaired.

Class P2:  The tax claims of the Internal Revenue Service and the Illinois Department of Revenue. Impaired.

Class P3:  Real estate taxes on land which the debtors propose to retain. Unimpaired.

### "S" Class Claims

Class S1:  Trust Bank. Trust Bank holds a first mortgage on 20.9 acre parcel of real estate. This 20.9 acre parcel of real estate ("Parcel One") secures lease payments in the amount of Seventy Three Thousand Eight Hundred Sixty Eight and 51/100 Dollars ($73,868.51). These lease payments

include accrued interest in the annual payments. The payments under this lease are current. The Debtor anticipates making the next annual payment due on September 29, 2013 in the amount of Six Thousand Three Hundred Seventy Eight and 75/100 ($6,378.75). Unimpaired

### "JR" Class Claims

Class JR1: Regions Bank. (Loan 8198) Regions Bank holds a second mortgage on Parcel One and a first mortgage on a 50 acre parcel owned by Debtor's parents ("Parcel Two"). The debt is Forty Three Thousand Two Hundred Twenty Seven and 92/100 Dollars ($43,227.92). Parcel One is 20.9 acres valued at Four Hundred Eight Thousand Two Hundred Fifty Dollars ($408,250.00). Parcel Two is valued at Three Hundred Twenty Six Thousand Seven Hundred Fifty Dollars ($326,750.00). Impaired.

Class JR2: Regions Bank. (Loan 8354) Regions Bank holds a second mortgage on the 50 acre parcel and a third mortgage on a 20.9 acre parcel described above. The amount of the debt is Four Hundred Seven Thousand One Hundred Seventy Three and 33/100 Dollars ($407,173.33). Impaired.

Class JR3: Regions Bank. (Loan 8263) Regions Bank holds a third mortgage on the 50 acre parcel and a fourth mortgage on a 20.9 acre parcel. The value of the equity in the real estate is Two Hundred Ten Thousand Seven Hundred Thirty Two and 24/100 Dollars ($210,732.24), and the equity

in the equipment is Thirty Nine Thousand Four Hundred Sixty One and 94/100 Dollars ($39,461.94).

## "UCC" Class Claims

Class UCC1: Regions Bank. (Loan 8263) Debtor's equipment which has a value of One Hundred Sixty Four Thousand Dollars ($164,000.00). The debt is One Hundred Twenty Four Thousand Five Hundred Thirty Eight and 16/100 Dollars ($124,538.16). Impaired.

Class UCC2: Trust Bank has a lease and a security interest in the 1994 Ford tandum truck. The balance due on this truck is Twenty One Thousand Six Hundred Eight Six and 58/100 Dollars ($21,686.58). The Debtor shall reject this lease and return the truck to Trust Bank. Impaired.

Class UCC3:  Ford Motor Credit. Ford Motor Credit holds a first lien in a 2007 Ford Escape. Impaired.

Class UCC4:  Harley Davidson. First lien XL Sportster. Surrendered. Impaired.

Class UCC5:  2320 Tractor/Loader. First lien. Paid per contract. Unimpaired.

## "L" Class Claims

Class L1:  True leases.  The Debtor has leases with Batavia Leasing for items of equipment. A list of this equipment is set forth on Schedule 1.

In addition, there are landlords that are listed on Schedule G on

6

the Debtor's schedules. The landlords are currently unimpaired. The rent that is due to the landlords has been paid to date through the funding of the operating line of credit from Farm Growth Cap.

SCI Leasing (Trust Bank) holds leases on a building which improves the 20.9 acre parcel described above in the "S" Class Claim.

### "ST" Class Claims

Class ST1:  Statutory landlords liens.  Unimpaired.

### "U" Class Claims

Class U1:  Unsecured.  All other claims (except contingent claims).  Impaired.

Class U2:  Contingent unsecured claims.  Impaired.

4.00  INTEREST; PENALTIES; ACCELERATION.

1.    If the agreement between the parties so provides, a creditor may accrue interest on his claim (at the rate provided in the agreement) through the date of filing.

2.    Unless otherwise specifically provided in this plan:

   a.    No creditor shall accrue interest on his claim after the date of filing.

   b.    Interest on the allowed secured component of a claim shall begin to accrue on the date of confirmation of this plan.

3.    Each creditor waives:

   a.    Default interest.

7

      b.    Penalties.

      c.    The right to accelerate payment unless the debtor defaults in his payments under the plan after the plan's effective date.

      d.    Contractual attorney's fees unless:

          1.    The contract so provides; and

          2.    The creditor is oversecured.

4.    If the debtor is required to pay a creditor's attorney's fees pursuant to §4.03(d):

      a.    The amount of the fee shall be reasonable.

      b.    If the parties cannot agree on the amount of the fee, it shall be determined by the court.

      c.    The fee shall be paid in three equal annual payments, without interest, commencing December 31, 2013.

5.00  EXPENSES OF ADMINISTRATION; PRIORITY CLAIMS ("SP" and "P" Class Claims).

1.    On or before December 31, 2013, the debtor shall pay in full the following:

      a.    Class SP1.  Costs and expenses of planting the 2013 crop together with accrued interest thereon.

      b.    Class P1.  Costs and expenses of administration as defined by §§507(a)(1) and 503(b).

      c.    Class P1.  Any post-petition (i.e., any debt incurred after the date of filing) operating expense.

      d.    Class P1.  Attorney's fees and court costs.

e.   Class P2.  Taxes (other than real estate taxes).

f.   Class P3.  General real estate taxes on all tracts of land which the debtor retains.


## 6.00  IMPAIRED CLAIMS SECURED BY REAL ESTATE ("S" Class Claims).

1.   The "S" class impaired claims shall be paid as follows:

At this time there are no "S" class claims that are impaired. The only "S" class claim is the claim of The Trust Bank secured by the 20.9 acres of real estate. The payments under this financial arrangement are current.

## 7.00  IMPAIRED SECURED JUNIOR CLASS CLAIMS ("JR" Class Claims).

1.   The "JR" class claims shall be paid as follows:

### Class JR1:Regions Bank

| | |
|---|---|
| Amt. of allowed claim: | $43,227.92 |
| Annual payment: | $4,450.87 |
| Interest rate: | 6.00% |
| Interest accrues from: | Date of confirmation |
| Amortization: | 15 years |
| Date of next payment: | March 31, 2014 |
| Manner of payment: | Inside Plan |

The interest rate set forth is the interest rate set forth in the bank's claim. This rate of interest will be readjusted every three (3) years during the life of the Plan. The first interest rate adjustment will occur on April 1, 2017 and on the first day of April on the third anniversary date thereafter until payment has been made in full. Payments will continue after the Chapter 12 estate has been closed pursuant to the

terms of this Plan of Reorganization.

### Class JR2: Regions Bank(8354)

| | |
|---|---|
| Amt. of allowed claim: | $407,173.33 |
| Annual payment: | $40,970.24 |
| Interest rate: | 5.65% |
| Interest accrues from: | Date of confirmation |
| Amortization: | 15 years |
| Date of next payment: | March 31, 2014 |
| Manner of payment: | Inside Plan |

The interest rate set forth is the interest rate set forth in the bank's claim. This rate of interest will be readjusted every three (3) years during the life of the Plan. The first interest rate adjustment will occur on April 1, 2017 and on the first day of April on the third anniversary date thereafter until payment has been made in full. Payments will continue after the Chapter 12 estate has been closed pursuant to the terms of this Plan of Reorganization.

### Class JR3: Regions Bank (1235)

| | |
|---|---|
| Amt. of allowed claim: | $250,194.48 |
| Annual payment: | $23,698.70 |
| Interest rate: | 4.75% |
| Interest accrues from: | Date of confirmation |
| Amortization: | 15 years |
| Date of next payment: | March 31, 2014 |
| Manner of payment: | Inside Plan |

The interest rate set forth is the interest rate set forth in the bank's claim. This rate of interest will be readjusted every three (3) years during the life of the Plan. The first interest rate adjustment will occur on April 1, 2017 and on the first day of April on the third

anniversary date thereafter until payment has been made in full. Payments will continue after the Chapter 12 estate has been closed pursuant to the terms of this Plan of Reorganization.

### 8.00 Impaired Class L Claims (Leases)

SCI Leasing holds a lease on 1994 Ford tandum truck. The Debtor will return the truck and reject the lease. The Debtor has sold the Case IH Model WD Tractor and the Hardi Navigator 1000 Gallon Sprayer. The debtor is current on these two leases and will make the remaining lease payments. All remaining payments under the SCI leases for the above described personal property shall remain current during the remaining term of the plan after December 31, 2013. Payments will be made outside the Plan.

### 9.00   IMPAIRED CLAIMS SECURED BY PERSONAL PROPERTY ("UCC" Class Claims).

1.   The "UCC" class claims shall be paid as follows:

Class UCC1:  Regions Bank

| | |
|---|---|
| Amt. of allowed claim: | $124,538.16 |
| Annual payment: | $29,203.90 |
| Interest rate: | 5.55% |
| Interest accrues from: | Date of confirmation |
| Amortization: | 5 years |
| Date of next payment: | March 31, 2014 |
| Manner of payment: | Inside Plan |

Class UCC2: Trust Bank

Trust Bank has a lease and security interest in a 1994 Ford tandum truck. The balance due on this truck is Twenty One Thousand Six Hundred

11

Eighty Six and 58/100 Dollars ($21,686.58). The Debtor will reject this lease and return the truck to the Trust Bank. Impaired.

### Class UCC 3: Ford Motor Credit

| | |
|---|---|
| Amt. of allowed claim: | $7,023.59 |
| Monthly payment: | $223.32 |
| Interest rate: | 8.99% |
| Interest accrues from: | |
| Amortization: | 36 Months |
| Date of next payment: | Current |
| Manner of payment: | Outside Plan |

### Class UCC4: Harley Davidson Credit

The Debtor will surrender the 2009 XL 1200cc Sportster to Harley Davidson Credit. Harley Davidson Credit shall have the right to file an unsecured claim based upon the deficiency after the return of the 2009 XL 1200cc Sportster. This balance will be treated as a U Class Claim pursuant to Section 10.

### Class UCC5: John Deere Financial

| | |
|---|---|
| Amt. of allowed claim: | $14,664.19 |
| Monthly payment: | |
| Interest rate: | As per contract |
| Interest accrues from: | Date of Confirmation |
| Amortization: | 1 Year |
| Date of next payment: | December 31, 2013 |
| Manner of payment: | Outside Plan |

### 10.00  IMPAIRED UNSECURED CLAIMS ("U" Class Claims).

1.    Each unsecured Class U1 creditor shall be paid their pro rata portion of the disposable income based upon the creditors allowed claim for

a period of three years in full settlement of their obligation. Disposable income shall determined pursuant to Bankruptcy Code §1225 (b)(2).

2.    The Debtor shall pay to the Chapter 12 Trustee his disposable income each year on or before April 1 of the subsequent year. The first payment to Class U1 creditors shall be on April 30, 2014, and on April 30 of each succeeding year.

3.    Any Class U1 creditor whose claim is $200 or less shall be paid in full on or before January 15, 2014.

4.    Any Class U1 creditor whose claim exceeds $200 may elect to reduce his claim to $200 in full of the obligation and be paid $200 on or before January 15, 2014.

5.    Unless a Class U2 creditor has his claim properly allowed as a Class U1 claim, such creditor shall receive nothing under this plan, and shall waive claims against the debtors.  Each Class U2 creditor shall move to have his claim allowed within ten days following confirmation or such claim shall be forever barred.

6.    Class U1 and U2 claims will be paid by the trustee.

11.00  GENERAL PROVISIONS.

1.    The court shall retain jurisdiction of this case until all claims have been paid in full.

2.    The confirmation of the plan vests all of the property of the estate in the debtors free and clear of any claim or interest of any

13

creditor except as otherwise provided in the plan or in the order confirming the plan.  11 U.S.C. §§1227(b) and (c).

3.   The payments made and received under this plan shall be in full settlement and compromise of the debtors' obligations.  11 U.S.C. §1227.

4.   The debtor may prepay all or any portion of the reorganized debt at any time, without penalty.

5.   After the debtor successfully completes the plan (except for secured obligations which are paid over a longer period than the unsecured obligations), he shall be discharged from any further obligations to any of their creditors.  11 U.S.C. §1228.

6.   Until the allowed secured claim to a secured creditor has been paid in full, that creditor shall retain its security interest in the collateral pursuant to the terms of its mortgage or other security agreement.

7.   On confirmation, all stale liens indexed against the debtor or property of the estate shall be released by the secured party. "Liens" include mortgages, statutory liens (including mechanic's and judgment liens), security interests and financing statements.  A "stale lien" is any lien which, upon confirmation of the plan does not immediately thereafter secure property of the reorganized entity.  A prepetition lien which in fact secures post-confirmation property of the

14

reorganized entity is not affected except as provided in the plan (including amendments), and the order of confirmation.

8.    Pursuant to §502, the court shall retain post-confirmation jurisdiction to consider and to reconsider all claims.  The payments to creditors under the plan are estimated and are based upon the amount believed due.  Until confirmation and until all claims have been allowed, exact amounts cannot be determined.  The allowed secured claim of any junior creditor shall be recomputed and the payments adjusted accordingly (based upon the interest rate and amortization set forth in the plan, the amendments thereto or as agreed) after the amount of all senior liens and encumbrances have been determined and deducted from the gross value of the junior creditor's collateral.

9.    In general, the plan calls for the first payment to creditors to occur on March 31, 2014.  In the event that the plan is not confirmed by that date, the first payment to creditors shall be thirty days following confirmation.

10.    All payments to be made under the Plan shall be made by and through the Chapter 12 Trustee.  The Chapter 12 Trustee paid fees for his services in the amount allowed under the Trustee's fee schedule.

12.00   DATE AND SIGNATURES.

1.    The date of this plan is _____July 31_____, 2013.

                    Robert T. Bruegge - Attorney for
                    Debtor in Possession


                    By _____
                              Robert T. Bruegge

THE LAW OFFICE OF ROBERT T. BRUEGGE
1606 Eastport Plaza Drive, Suite 110
Collinsville, IL 62234
Phone 618-301-4878
Fax 888-519-6101

16

## SCHEDULE 1 PLAN SUMMARY

### 13-30241 DAVID B. BASSEN

| Creditor | Class | Collateral | Debt | Value | Equity | Unsecured | Payment | Rate | Years | Next Payment |
|---|---|---|---|---|---|---|---|---|---|---|
| Regions Loan 8198 | JR-1 | 2nd Mortg. 20 Acres | $43,227.92 | $661,131.49 | $607,903.57 | $0.00 | $4,450.87 | 6% | 15 | 3/31/14 |
| Regions Loan 1235 | JR-3 | 3rd Mortg. 50 Acres & 20Acres | $850,762.03 | *250,194.18 | $0.00 | $600,567.85 | $23,698.70 | 4.75% | 15 | 3/31/14 |
| Regions Loan 8263 | UCC1 | Farm Equipment | $124,538.16 | $164,000.00 | $39,461.94 | $0.00 | $29,203.90 | 5.55% | 5 | 3/31/14 |
| T&ST Bank | UCC2 | 1994 Tandum Truck | $21,686.58 | | | | Reject Lease | | | |
| Farm Growth Cr... | SP-1 | 2013 Crops | $1,200,000.00 | $1,630,774.00 | $430,774.00 | $0.00 | $1,200,000.00 Plus Interest | 12% | 9 months | 12/31/13 |
| Batavia 528480 | L | Tractor JD9400 | Lease | | | | $5,707.84 $13,333.00 | N/A N/A | 4 4 | August 1 December 1 |
| Batavia 527640 | L | Combine JD9650 | Lease | | | | $14,696.08 $14,696.08 | N/A N.A | 6 6 | 6/15/13 9/15/13 |
| Batavia 517720 | L | Tractor IH3394 | Lease | | | | $8,020.50 | N/A | 2 | 10/25/13 |
| Batavia 517750 | L | Shank Ripper JD512 | Lease | | | | $6,943.41 | N/A | 2 | 11/15/13 |

*AMOUNT AMORTIZED BASED ON REMAINING EQUITY IN COLLATERAL FOR REAL ESTATE $210,732.24 PLUS EQUIPMENT EQUITY $39,461.94

**COLLATERAL CONSISTS OF CROP PROCEEDS AND EQUIPMENT EQUITY

***LEASE PAYMENT DUE 5/1/13 WILL BE PAID ON OR BEFORE 12/31/13 AND THE LAST PAYMENT ON 5/1/14

## SCHEDULE 1 PLAN SUMMARY

## 13-30241 DAVID B. BASSEN

| Creditor | Type | Description | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Batavia 521850 | L | Real Disk McFarland | Lease | | | | $8,472.73 | N/A | 5 | 4/30/13 |
| Batavia 521990 | L | 16/31 Planter | Lease | | | | $8,412.08 | N/A | 3 | 1/20/14 |
| Ford Motor | UCC-3 | 2007 Equipment | $7,023.59 | $7,023.59 | $0.00 | $0.00 | $223.32 | 8.99% | 36 months | 4/12/13 |
| Haley Davidson | UCC-4 | 2009 XL 1200cc Sportster | $7,670.47 | $5,200.00 | $0.00 | The Debtor will surrender collateral. | | | | |
| John Deere Financial | UCC-5 | 2320 Tractor/Loader | $14,664.19 | $14,664.19 | $0.00 | $0.00 | ***$7,565.80 | Per Contract | | 12/31/13 |
| Regions Loan 8354 | JR2 | 2nd Mortg 50 Acres & 3rd Mortg 20 Acres | $407,173.33 | $617,903.57 | $0.00 | $210,732.24 | $40,970.24 | 5.65% | 15 | 3/31/14 |
| Tst Bank | S1 | 1st Mortg 20 Acres | $73,868.51 | $408,250.00 | $334,381.49 | | $6,378.75 | N/A | 3 | 9/29/13 |

*AMOUNT AMORTIZED BASED ON REMAINING EQUITY IN COLLATERAL FOR REAL ESTATE $210,732.24 PLUS EQUIPMENT EQUITY $39,461.94

**COLLATERAL CONSISTS OF CROP PROCEEDS AND EQUIPMENT EQUITY

***LEASE PAYMENT DUE 5/1/13 WILL BE PAID ON OR BEFORE 12/31/13 AND THE LAST PAYMENT ON 5/1/14

SCHEDULE 2

| | Mar-13 | Apr-13 | May-13 | Jun-13 | Jul-13 | Aug-13 | Sep-13 | Oct-13 | Nov-13 | Dec-13 | Jan-14 | Feb-14 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Corn Sales | | | | | | | $716,811 | $714,426 | | | | | $1,431,237 |
| Soybean Sales | | | | | | | $123,744 | $75,793 | | | | | $199,637 |
| Government Payments | | | | | | | | | | | | | $0 |
| Other Income | | | | | | | | | | | | | |
| Total Income | $0 | $0 | $0 | $0 | $0 | $0 | $840,555 | $790,219 | $0 | $0 | $0 | $0 | $1,630,774 |
| Seed | | $197,427.00 | | | | | | | | | | | $455,698 |
| Fertilizer | | $260,047.85 | | | | $23,138.00 | | | | | | | $260,648 |
| Chemicals | | $75,600.78 | | | | | | | | | | | $103,801 |
| Land Rents | | $3,600.00 | | | | | | | $30,000.00 | $130,025.00 | | | $156,000 |
| Equipment | | $198,472.79 | | $14,696.08 | $5,707.84 | $14,696.08 | $14,696.08 | $8,020.50 | $5,948.91 | $13,533.00 | $9,412.06 | | $81,288 |
| Fuel | $24,000.00 | $8,000.00 | $8,000.00 | $8,000.00 | $8,000.00 | $8,000.00 | $4,000.00 | $8,000.00 | $8,000.00 | $8,000.00 | | | $35,000 |
| Labor | | $7,200.00 | $7,200.00 | $7,200.00 | $7,200.00 | $7,200.00 | $7,200.00 | $7,200.00 | $7,200.00 | $7,200.00 | | | $64,800 |
| Freight / Trucking | | | | | | | | | | | | | $0 |
| Storage | | | | | | | | | | | | | $0 |
| Crop Insurance | | $65,000.00 | | | $2,000.00 | | $2,000.00 | $4,000.00 | $2,000.00 | $2,000.00 | | | $89,000 |
| Farm / Liability Insurance | | $3,532.10 | $3,500.00 | | | | | $3,532.10 | | | | | $7,064 |
| Repairs & Supplies | | $3,500.00 | | $170.00 | $170.00 | | | | | | | | $15,000 |
| Utilities | | $170.00 | $170.00 | $170.00 | $170.00 | $170.00 | $170.00 | $170.00 | $170.00 | $170.00 | | | $7,064 |
| Office Expenses | | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $500.00 | $600.00 | | | $2,290 |
| Professional / Legal Fees | | | | | | | | | $200.00 | $200.00 | | | $1,800 |
| G&A Expenses | | | | | | | | | | | | | $0 |
| Health Insurance | | $1,700.00 | $1,700.00 | $1,700.00 | $1,700.00 | $1,700.00 | $1,700.00 | $17,000.00 | $1,700.00 | $1,700.00 | | | $15,500 |
| Total Operating Expenses | | $785,450 | $320,770 | $323,966 | $93,270 | $38,118 | $23,966 | $32,823 | $162,275 | $193,142 | $9,412 | | $1,289,490 |
| Owner Draws | $24,000 | $24,000 | $20,770 | $23,966 | $9,270 | | | | | | | | $15,500 |
| Term / Emp. Loan Payments (FAI) | | | | | | | | | | | | | $0 |
| Ch. 12 Payment (Plan Estimate) | | | | | | | | | | | | | $0 |
| Total Other Cash Flows | | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| NET CASH FLOW | ($24,000) | ($785,450) | ($320,770) | ($323,966) | ($93,270) | ($38,118) | $816,589 | $757,396 | ($162,575) | ($193,142) | ($9,412) | $0 | $341,284 |

## LIQUIDATION ANALYSIS

### SCHEDULE 3

| ASSET | VALUE | SECURED | EQUITY |
|---|---|---|---|
| 20.9 Acres | $408,250.00 | $408,250.00 | $0.00 |
| 2012 Crop Insurance | $300,000.00 | $300,000.00 | $0.00 |
| 2007 Escape | $7,023.59 | $7,023.59 | $0.00 |
| Insurance Checks | $10,000.00 | $10,000.00 | $0.00 |
| Cash in Bank | $1,000.00 | Exempt | $0.00 |
| Household Goods | $2,500.00 | Exempt | $0.00 |
| 750 Gallons of Roundup | $9,000.00 | $0.00 | $9,000.00 |
| 120 Gallons of Fuel | $480.00 | $0.00 | $480.00 |
| 1999 Ford F-350 | $6,000.00 | $2,400 Exempt | $3,600.00 |
| 1984 Chevrolet | $2,500.00 | $0.00 | $2,500.00 |
| 1994 Dodge | $2,500.00 | $0.00 | $2,500.00 |
| Harley Davidson Sportster | $5,200.00 | $7,670.47 | $0.00 |
| Office Equipment | $1,500.00 | $1,500.00 | $0.00 |

| | | | |
|---|---|---|---|
| Net Liquidation Value | | | $18,080.00 |

## NATURE OF DEBTOR'S BUSINESS

### SCHEDULE 4

The Debtor is a farmer who is engaged in a farming operation. He currently has under his supervision and control approximately 1,950 acres. Of the 1,950 acres, the Debtor owns 20.9 acres. He leases all of his other property on a cash rent basis from the landlords which are set forth on Schedule G of the bankruptcy petition filed.

The Debtor leases and owns his own farm equipment. The lease equipment is set forth on the Plan's Summary. The primary lessor of the lease equipment is Batavia Leasing.

The Debtor had previously been engaged in a compost operation which was operated on the 20.9 acre parcel of real estate. This operation is ceased and the Debtor is in the process of liquidating this equipment.

Much of the Debtor's obligations arose because of the composting operations. The composting operation did not cash flow positively; and, for this reason it has ceased.

The Debtor believes that his operation can cash flow now that the obligations of the composting operation will likely be discharged as part of this Chapter 12 Plan of Reorganization.